


926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

JOANNA B. ROSENBLATT
(516) 357-3139
joanna.rosenblatt@rivkin.com

July 16, 2025

**VIA ECF**
Honorable Judge Anne Shields
United District Court Judge
Eastern District of New York
1 Federal Plaza
Central Islip, New York 11722

>   Re:  *Government Employees Insurance Co., et al. v. Harbor Medical Group, P.C. et al.*
>       RR File No.: 5100-3244
>       Docket No. 2:23-cv-09038(NCM)(AYS)

Dear Judge Shields:

We represent Plaintiffs (collectively "GEICO" or "Plaintiffs") in the above referenced matter. Pursuant to Local Rule 37.3(c) and the Court's May 22, 2025 Order, Plaintiffs seek an order finding non-parties Lily Zarhin, M.D. ("Dr. Zarhin") and Jean Baptiste Simeon, M.D. ("Dr. Baptiste Simeon") (collectively, the "Non-Party Witnesses") in Contempt of Court or certifying facts of same, imposing monetary sanctions, and directing them to comply with subpoenas duly served under Fed. R. Civ. P. 45.

As the Court is aware, having found the depositions of the Non-Party Witnesses to be material and necessary, the Court issued an order dated May 22, 2025 (the "May 22nd Order"), directing the Non-Party Witnesses to appear for their respective depositions. See D.E. May 22, 2025 Order. That same day, the Non-Party Witnesses were served with copies of the May 22nd Order. See D.E. 68. To date, Dr. Zarhin and Dr. Baptiste Simeon have failed to comply with the May 22, 2025 Order.

As the Court recognized in the May 22, 2025 Order, and as detailed in Plaintiffs' original motion (See D.E. No. 61), the non-party testimony requested of Dr. Zarhin and Dr. Baptiste Simeon is relevant to GEICO's claims that the Defendants perpetuated a scheme to defraud GEICO by submitting fraudulent billing through Harbor Medical Group, P.C. ("Harbor Medical"), Confident Medical Services, P.C. ("Confident Medical"), and Coastal Medical, P.C. ("Coastal Medical") (collectively, the "PC Defendants") pursuant to pre-determined fraudulent treatment protocols and without regard for the Insureds' individual medical needs.

66 South Pearl Street          25 Main Street, Court Plaza North     1301 Riverplace Boulevard     477 Madison Avenue           2649 South Road, Suite 100
Albany, NY 12207-1533          Suite 501                              Jacksonville, FL 32207-9047    New York, NY 10022-5818      Poughkeepsie, NY 12601-6843
T 518.462.3000  F 518.462.4199 Hackensack, NJ 07601-7082              T 904.792.8925  F 904.467.3461 T 212.455.9555  F 212.687.9044 T 845.473.8100  F 845.473.8777
                               T 201.287.2460  F 201.489.0495



Specifically, Dr. Zarhin and Dr. Baptiste Simeon were purportedly employed by some of the PC Defendants, and performed the Fraudulent Services, during the time period relevant to GEICO's complaint. Their testimony is therefore relevant to GEICO's allegations that (i) the PC Defendants were not entitled to reimbursement for the Fraudulent Services because they were provided by independent contractors; (ii) Robert Kelly, DO ("Dr. Kelly") served as the record owner of the PC Defendants but in actuality, did not own, operate or control the PC Defendants; (iii) the Fraudulent Services were provided pursuant to predetermined treatment protocols and were not medically necessary; and (iv) the Fraudulent Services were provided pursuant to the dictates of Alexander Zaitsev, M.D., Mark Kaminar, Anthony Benevenga, and Daniel Kandhorov (i.e., the "Management Defendants") and as a result of unlawful referral and illegal kickback arrangements. The Non-Party Witnesses' testimony is especially relevant and necessary given Dr. Kelly's deposition testimony that he did not hire or supervise any treating providers nor did he know Dr. Zarhin and Dr. Baptiste Simeon.

Here, the Non-Party Witnesses have failed to provide any excuse whatsoever for their non-compliance with this Court's May 22nd Order and should be held in contempt, directed to appear on a date certain for their depositions, and be required to pay monetary sanctions at the Court's discretion. Fed. R. Civ. P. 45(g); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir.1991); PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y.2002). Indeed, the judicial power to hold in contempt a non-party who has failed to obey a valid subpoena is the primary mechanism by which a court can enforce a subpoena. Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1980) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949)). Monetary sanctions for civil contempt traditionally have been awarded to compensate a party injured by noncompliance or to prevent continued disobedience. See Manhattan Industries, Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989).

Accordingly, GEICO respectfully requests that the Court issue an order for contempt or certifying facts of same, imposing monetary sanctions, and directing the Non-Party Witnesses to comply with the subpoena previously served on them.

We thank the Court for its attention to this matter.

Very truly yours,

RIVKIN RADLER LLP
*/s/ Joanna Rosenblatt*
Joanna Rosenblatt

Cc: All Counsel (via ECF)



Matthew J. Conroy
Robert Hewitt
Schwartz, Conroy & Hack, PC
New York 666 Old Country Road Suite 900
Garden City, NY 11530
*Counsel for Zaitsev, Benevenga, and Kaminar*

Ilevu Yakubov
Marc Monte
Jacobs P.C.
717 Fifth Avenue Ste 26th Floor
New York, NY 10022
*Counsel for Kandhorov*