

Long Island
3 Dakota Drive, Suite 300,
Lake Success, NY 11042
516.328.2300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

Alex Leibson
Partner
aleibson@abramslaw.com

July 24, 2025

*Via NYSCEF & Email*
Hon. Anne Shields
United States District Court Judge
Eastern District of New York
1 Federal Plaza
Central Islip, New York 11722

  **Re:** *Government Employees Insurance Co., et al. v. Harbor Medical Group, P.C. et al.*
  Dkt. No.: 2:23-cv-09038 (NCM)(AYS)

Dear Judge Shields,

  We are in receipt of Plaintiffs' letter motion seeking compliance with an isolated request contained within a *subpoena duces tecum* served upon non-party Abrams Fensterman, LLP ("AF"). To be clear, and as acknowledged by Plaintiffs' counsel in their motion, AF has been compliant with every other aspect of the non-party *subpoena* served upon it by Plaintiffs, save for the request to produce its private and confidential escrow records relating to the distribution of funds collected on behalf of the Funding Defendants, as that phrase is defined in Plaintiffs' motion. AF has objected to this one palpably improper request not only because it is overly broad and unduly burdensome, but also because it is **impossible** for AF to comply.

  As a threshold matter, it should be noted that there is no allegation in the Complaint that AF has acted improperly in any way whatsoever. Thus, it is disingenuous for Plaintiffs' counsel to assert in its letter motion that AF "partnered" with the Funding Defendants in their alleged fraudulent scheme. That is not true. Rather, AF was retained by the Funding Defendants to collect upon claims submitted to various insurance carriers, GEICO included, and to litigate/arbitrate those claims if necessary, in order to carry out the collection process.

  AF did not "partner" with the Funding Defendants, in the same way that Rivkin Radler has not "partnered" with GEICO in this matter. AF represented its client(s) by advocating for them in adversarial legal proceedings, in which the various insurance carriers were represented, including GEICO; and in those matters where AF was successful, it collected those claims on behalf of its clients.

  Plaintiffs have alleged that the claims that were pursued by AF on behalf of the Funding Defendants were fraudulent. Plaintiffs have made clear in their motion, and in our various meet



and confer sessions, that they believe that AF distributed the supposed fraudulently obtained funds collected from the claims that GEICO paid out to various other unidentified non-parties.

In that regard, Plaintiffs have subpoenaed AF's private and confidential escrow records to determine the identities of such non-parties, ostensibly in order to pursue claims against them irrespective of whether or not those non-parties had anything to do with the submission of no-fault claims to GEICO or whether they actually received distributions composed of GEICO funds. Plaintiffs state that their subpoena request is purportedly "narrowly tailored," when in fact, it could not be more of a fishing expedition, as GEICO is effectively saying, "give us your records and we are going to go after everybody."

AF has objected to the improper request in the non-party subpoena served upon it by counsel for Plaintiffs for a multitude of reasons. First, and most importantly, it is impossible for AF to provide responsive documents to Plaintiffs' request that would satisfy Plaintiffs' rationale for the relevance of the records. As communicated to Plaintiffs' counsel, AF's escrow records are arranged to pool collected funds by provider, not by insurance carrier.

As a result, though AF could, <u>and has</u>, produced documents showing GEICO funds collected on behalf of the PC Defendants going into AF's escrow account, AF cannot show those same funds going out to the various non-parties of whom Plaintiffs seek the identities, in order to pursue claims against them. That is because once the GEICO funds were deposited into AF's escrow account, those monies became part of a larger pool of funds collected on behalf of the PC Defendants from every other insurance carrier to whom claims were submitted. Succinctly stated, there is simply no way to differentiate funds that came from GEICO, from those funds that came from the numerous other insurance carriers that paid no fault claims for a particular provider.

Second, the request is not narrowly tailored to achieve Plaintiffs' stated goals of the non-party subpoena. Plaintiffs state in their letter motion that they believe they are entitled to "information regarding <u>all insurance company payments</u> collected on behalf of Harbor Medical and Confident Medical," as opposed to monies collected just from GEICO. That concession by Plaintiffs demonstrates conclusively that they are seeking records in the broadest manner possible without regard to any actual claims they might hold.

Third, notwithstanding Plaintiffs' self-serving statement in their letter motion that the production of AF's private and confidential escrow records "does not implicate funds related to Abrams Fensterman's other clients[1]," quite literally, the opposite is true. The production of the records will, in fact, indicate the distribution of funds from individuals and/or entities who are AF clients, whom Plaintiffs have indicated they will bring claims against, regardless of whether the monies distributed came from GEICO.

Plaintiffs' citations in support of their argument are readily distinguishable. <u>None</u> of the cases cited by Plaintiffs deal with the objection made by AF to Plaintiffs' non-party subpoena – namely, that the escrow records requested cannot be produced in the manner in which Plaintiffs

---

[1] It is curious how Plaintiffs can even make this representation to the Court without ever having seen the records.



have made their demand. In fact, only in the *Pierre* case did the non-party make any objection whatsoever. And *Pierre* is distinguishable (not only because of the impossibility objection), because there, the Court found that the subpoena, which was served upon the collections attorney's bank, was narrowly tailored to request distributions to specifically identified parties, all of whom Plaintiff alleged were involved in the scheme and were either parties to the underlying case, or were spouses of those individuals. *American Transit Ins. Co. v. Pierre*, 2024 WL 4593635 (E.D.N.Y. 2024). Significantly, the Court in *Pierre* held that the production of the records would not implicate any of the non-party attorney's other clients or matters. *Id*.

Here, Plaintiffs are seeking to review the escrow records of non-party AF, in order to first identify the individuals who received distributions from the escrow account such that they can then pursue claims against them regardless of whether those individuals or entities received funds that originated from GEICO. In effect, it is as if GEICO wishes to stand in the shoes of the U.S. Attorney's Office, and respectfully, GEICO has no authority to do so.

The remaining two cases cited by Plaintiffs in "support" of their motion do not stand for the principle for which they are cited. In *Kalitenko*, the Court admonished both sides <u>including these very same Plaintiffs and their counsel in this matter</u>, for the manner in which the non-party discovery was conducted therein – a course that is quite similar to that which Plaintiffs have charted again in this case.

Furthermore, in *Kalitenko*, while the Court granted Plaintiffs' motion to compel, it was solely on the grounds that the non-party entity did not oppose same, and never produced a single document or made any objections to the requests whatsoever. In fact, the Court specifically stated that it was not in a position to rule on the admissibility of the evidence requested based upon the lack of objections or material before it on the record.

Lastly, in *Grody*, the Court never even ordered the production of documents, but rather, the Court ordered that the non-party bank produce the non-party collections attorney's records to it first, so that it could review same, and determine what, if any of those documents could then be produced by the collections firm after a meet and confer session with Plaintiff.

For all of these reasons, AF respectfully requests that the Court deny Plaintiffs' motion to compel a further response to the non-party subpoena.

        Respectfully Submitted,

        ABRAMS FENSTERMAN, LLP

        By *Alex Leibson*
            Alex Leibson

Cc: All counsel (via ECF)