


926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

September 3, 2025

**VIA ECF**
Honorable Judge Anne Shields
United District Court Judge
Eastern District of New York
1 Federal Plaza
Central Islip, New York 11722

      Re:    *Government Employees Insurance Co., et al. v. Harbor Medical Group, P.C. et al.*
              RR File No.: 5100-3244
              Docket No. 2:23-cv-09038(NCM)(AYS)

Dear Judge Shields:

We represent Plaintiffs (collectively "GEICO" or "Plaintiffs") in the above referenced matter. Plaintiffs submit this status letter pursuant to Your Honor's August 26, 2025 Order and respectfully seek an order finding non-parties Lily Zarhin, M.D. and Jean Baptiste-Simeon, M.D. (the "Non-Party Witnesses") in Contempt of Court or certifying facts of same, imposing monetary sanctions, and directing them to comply with subpoenas duly served under Fed. R. Civ. P. 45.

As the Court is aware, following a motion to compel by Plaintiffs, the Non-Party Witnesses were ordered to comply with GEICO's deposition subpoenas served upon them on April 5, 2025 and March 26, 2025, respectively. See D.E. 62 and May 22, 2025 Court Order. Despite this, the Non-Party Witnesses failed to comply with the Court's May 22nd Order, forcing Plaintiffs to file a motion for contempt against them. See D.E. Nos. 70-71. In response, the Court ordered the Non-Party Witnesses to show cause in writing, on or before August 12, 2025, as to why sanctions should not be imposed given their non-compliance with the Court's May 22nd Order. A copy of the Court's July 29, 2025 Order was served on the Non-Party Witnesses. See D.E. No. 76. To date, the Non-Party Witnesses have failed to appear for depositions and have failed to contact our office.

     Significantly, the Non-Party Witnesses have failed to provide any excuse whatsoever for their non-compliance with this Court's May 22nd and July 29th Orders and should be held in contempt, directed to appear on a date certain for their depositions, and be required to pay monetary sanctions at the Court's discretion. Fed. R. Civ. P. 45(g); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir.1991); PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y.2002). Indeed, the judicial power to hold in contempt a non-party who has failed to obey a valid subpoena is the primary mechanism by which a court can enforce a subpoena.

66 South Pearl Street
Albany, NY 12207-1533
T 518.462.3000  F 518.462.4199

25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460  F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925  F 904.467.3461

477 Madison Avenue
New York, NY 10022-5818
T 212.455.9555  F 212.687.9044

2649 South Road, Suite 100
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1980) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949)).  Monetary sanctions for civil contempt traditionally have been awarded to compensate a party injured by noncompliance or to prevent continued disobedience.  See Manhattan Industries, Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989).

Accordingly, GEICO respectfully requests that the Court issue an order for contempt or certifying facts of same, imposing monetary sanctions, and directing the Non-Party Witnesses to comply with the subpoena previously served on them.

We thank the Court for its attention to this matter.

Very truly yours,

RIVKIN RADLER LLP

*/s/ Jennifer Abreu*

Jennifer Abreu

Cc:   All Counsel (via ECF)