UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                Plaintiffs,          **ORDER**
    -against-                         CV 23-9038 (NCM)(AYS)

HARBOR MEDICAL GROUP, P.C., CONFIDENT
MEDICAL SERVICES, P.C., COASTAL MEDICAL,
P.C., ALEXANDER ALEXEEVICH ZAITSEV, M.D.,
MARK KAMINAR, ANTHONY BENEVENGA,
FINANCIAL VISION GROUP, LLC, FINANCIAL
VISION GROUP II, LLC FORMERLY KNOWN AS
ADF EQUITIES, LLC, FINANCIAL VISION GROUP
III, LLC, FINANCIAL VISION GROUP IV, LLC,
DANIEL KANDHOROV, AND JOHN DOE
DEFENDANTS NOS. 1-5,

                Defendants.
------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      This is an action commenced by Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs") against various Defendants (collectively "Defendants"), alleging that Defendants masterminded and executed a complex fraudulent scheme in which they used Harbor Medical Group, P.C., Confident Medical Services, P.C., and Coastal Medical P.C., to submit more than $3.5 million in fraudulent no-fault insurance charges for medically unnecessary, illusory, and otherwise non-reimbursable healthcare services. Plaintiffs have moved for an order certifying contempt upon non-parties Lily Zarhin, M.D. ("Zarhin") and Jean Baptiste-Simeon, M.D. ("Baptiste-Simeon") (collectively, the "Non-Parties"), for failing to appear for their subpoenaed depositions and failure to comply with this Court's Orders. The

1

Non-Parties have failed to oppose the motion or to respond to this Court's Orders in any way thus far. For the reasons which follow, Plaintiffs' motion for an order certifying contempt is granted.

## RELEVANT BACKGROUND

Plaintiffs commenced this action via the filing of a Complaint on December 8, 2023. (Compl., Docket Entry ("DE") [1].) While some Defendants answered the Complaint, (DE [42], [43], [44], [45]), some defaulted, and notations of default were entered by the Clerk's Office. (DE [36], [37], [38], [39], [40].) An initial conference was held before this Court on April 30, 2025, and a discovery schedule was entered at that time. (Order of Shields, M.J., dated Apr. 30, 2025.)

By letter motion dated May 12, 2025, Plaintiffs sought an Order from this Court enforcing subpoenas duces tecum served upon the Non-Parties on April 5, 2025 (Zarhin) and March 26, 2025 (Baptiste Simeon), directing them to appear for depositions on April 17, 2025 and April 11, 2025, respectively. (DE [61].) Despite Plaintiffs' efforts to contact the Non-Parties regarding their failure to appear for their subpoenaed depositions, the Non-Parties failed to contact Plaintiffs. (DE [61].) The Non-Parties did not file any response to Plaintiffs' letter motion. By Order dated May 22, 2025, this Court Ordered the Non-Parties to comply with the deposition subpoenas served upon them. (Order of Shields, M.J., dated May 22, 2025).

On July 21, 2025, Plaintiffs filed a letter motion to this Court, seeking an Order finding the Non-Parties in Contempt of Court, or certifying facts of same, and imposing monetary sanctions for their failure to comply with the Court's May 22, 2025 Order directing them to appear for their subpoenaed depositions. (DE [70].) Again, the Non-Parties failed to file any response to Plaintiffs' letter motion and on July 29, 2025, the Court denied Plaintiffs' motion for

2

contempt, instead issuing an Order to Show Cause directing the Non-Parties to show cause, in writing, on or before August 12, 2025, why sanctions should not be imposed for their failure to comply with the Court's May 22, 2025 Order. (Order of Shields, M.J., dated July 29, 2025.) The Non-Parties failed to comply with the Court's Order to Show Cause.

By Order dated August 26, 2025, the Court directed Plaintiffs to submit a status report, advising whether the depositions of the Non-Parties were conducted and, in the event they were not, advising what sanctions they request. (Order of Shields, M.J., dated Aug. 26, 2025.) On September 3, 2025, Plaintiffs filed their status report, requesting an Order finding the Non-Parties in Contempt of Court, or certifying facts of same, imposing monetary sanctions, and directing them to comply with the subpoenas served upon them. (DE [86].)

Having summarized the facts and the parties' positions, the Court turns to the merits of the motion.

## DISCUSSION

I.    Applicable Law

In general, "the power to punish for contempt is inherent in all courts." Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted). "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). As such, an individual who disobeys a valid order of the court may be subject to both civil and criminal penalties for his actions. Bowens, 546 F. Supp. 2d at 63 (citing United States v. Petito, 671 F.2d 68, 72 (2d Cir. 1982)). "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or to compensate the complaining party for losses incurred as a result of the contemnor's

conduct." Bowens, 546 F. Supp. 2d at 63 (citing Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988)).

A party may be held in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Lynch v. Southampton Animal Shelter Found., Inc., No. CV 10-2917, 2013 WL 80178, at *5 (E.D.N.Y. Jan. 7, 2013) adhered to on reconsideration, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). Willfulness or bad faith is not a prerequisite to a contempt finding pursuant to Rule 37. See Dorsett v. County of Nassau, No. CV 10-1258, 2012 WL 2076911, at *8 (E.D.N.Y. June 7, 2012) ("[A] court need not find willfulness or bad faith as a prerequisite to a contempt finding[.]"); Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Information Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004) ("It need not be established that the violation [of a court order] was willful."); Ferrara v. Nordev, LLC, No. CV 10-5844, 2012 WL 1999643, at *2 (E.D.N.Y. Apr. 10, 2012). Further, the "[p]rocess of contempt is a severe remedy, and should not be resorted to when there is fair ground of doubt as to the wrongfulness of the defendant's conduct." California Artifical Paving Stone Co. v. Molitor, 113 U.S. 609, 618 (1885); see Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967) (noting that the court's contempt power constitutes a "potent weapon"); Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 170 (E.D.N.Y. 1999). The moving party must establish each essential element by clear and convincing evidence. Bowens, 546 F. Supp. 2d at 63-64; see King, 65 F.3d at 1058 (finding that "[a] contempt order is warranted only where the moving party established by clear and convincing evidence that the alleged contemnor violated the district court's edict.").

Moreover, "[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." A.V. By Versace, Inc. v. Gianni Versace S.p.A., 446 F. Supp. 2d 252, 257 (S.D.N.Y. 2006) (quoting Dunn v. N.Y. State Dep't of Labor, 47 F.3d 485, 490 (2d Cir. 1995)).

The relevant statutory framework governing the contempt authority of a federal magistrate judge is set forth in 28 U.S.C. § 636(e). Under the statute, where a magistrate judge presides over a pre-trial matter in a case pending before a district judge,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e); see Ferrara, 2012 WL 1999643, at *1. Thus, pursuant to the certification process outlined in 28 U.S.C. § 636(e), the magistrate judge "functions only to certify the facts and not to issue an order of contempt." Ferrara, 2012 WL 1999643, at *1 (citing Hunter TBA, Inc. v. Triple v. Sales, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)). Further, "[i]n certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima face case of contempt.'" Hunter, 250 F.R.D. at 118 (quoting Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)); see Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation v. Duncan & Son Carpentry, Inc., No. 14-CV-2894, 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015).

In accordance with the magistrate judge's role of "determin[ing] whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt," Ferrara, 2012 WL 1999643, at *1, the court, after reviewing the evidence, may decline to certify the case to the

5

district court where the court "determines that the conduct does not rise to the level of contempt." Lynch, 2013 WL 80178, at *5. See also Bowens, 546 F. Supp. 2d at 72 (declining to certify facts to the district court where movant failed to establish a prima facie case of contempt). In the event the court declines to certify facts to the district court for further review, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Bowens, 546 F. Supp. 2d at 72; see Church, 35 F. Supp. 2d at 217 (citing In re Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 423–24 (S.D.N.Y. 1998)); see also In re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

II.     Application

The language of this Court's orders and the discovery obligations imposed by the Federal Rules of Civil Procedure are clear and unambiguous. As stated clearly in this Court's May 22, 2025 Order, the Non-Parties were "ORDERED to comply with the deposition subpoenas served upon on April 5, 2025 and March 26, 2025." See Order of Shields, M.J., dated May 22, 2025. Additionally, the Court's subsequent Order to Show Cause directing the Non-Parties to "SHOW CAUSE, in writing, why sanctions should not be imposed for their failure to comply with this Court's Order dated May 22, 2025," see Order of Shields, M.J., dated July 29, 2025, was similarly clear and unambiguous. Therefore, Plaintiff has satisfied the first prong of the test for civil contempt under Lynch.

Proof of non-compliance must be clear and convincing. Given that the Defendants have made no effort at all to comply with the subpoenas served upon them, and have failed to comply with this Court's Orders, the Court finds that the second element is also established.

6

With respect to the third element – whether the alleged contemnor has been diligent in attempting to comply with the court's order – no diligent effort to comply has been made. To date, the Non-Parties have not appeared for their depositions or responded to this Court's Order to Show Cause, nor have they responded in any way to the instant letter motion. Thus, the third and last element is established.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an order certifying contempt of Non-Parties Lily Zarhin, M.D. and Jean Baptiste-Simeon, M.D. for their failure to comply with subpoenas served upon them, as well as Court Orders, is hereby granted. The Court respectfully recommends that a contempt hearing before the District Court be held. Plaintiffs' counsel is directed to serve a copy of this Order on Zarhin and Baptiste-Simeon, and to file proof of service on the docket sheet, by September 29, 2025.

**SO ORDERED.**

Dated: Central Islip, New York
September 25, 2025

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge