

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

September 25, 2025

**By ECF**
Honorable Judge Natasha Merle
United States District Court Judge
Eastern District of New York
1 Federal Plaza
Central Islip, New York 11722

Re:     **Government Employees Insurance Co., et al. v. Harbor Medical Group, P.C. et al.**
**Docket No. 2:23-cv-09038(NCM)(AYS)**

Dear Judge Merle:

We write on behalf of Plaintiffs (collectively, "GEICO") in the above-referenced matter, and respectfully submit this letter in response to the Court's September 11, 2025 Order.

As the Court is aware, the named defendants in this action include John Doe Defendants Nos. "1"-"5" (the "John Doe Defendants"). GEICO's Complaint further identifies the John Doe Defendants as "citizens of New York and/or New Jersey." As described in the Complaint, the John Doe Defendants are unlicensed, non-professional individuals and entities, presently not identifiable to GEICO, who knowingly participated in the fraudulent scheme with the named Defendants and derived financial benefit from the fraudulent scheme by: (i) aiding in unlawfully operating, managing and controlling the Provider Defendants (i.e., Harbor Medical Group, P.C., Confident Medical Services, P.C. and Coastal Medical, P.C.); and (ii) siphoning monies derived from the fraudulent scheme described herein." See D.E. No. 1, ¶ 29.  Plaintiffs have established that all the appearing defendants, Alexandr Alexeevich Zaitsev, M.D., Mark Kaminar, Anthony Benevenga and Daniel Kandhorov are citizens of New York or New Jersey, and that GEICO is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland.

It is GEICO's position that the requirements of diversity jurisdiction are satisfied even with presence of the John Doe Defendants in their Complaint. In CIT Bank, N.A. v. Ramirez, 2018 WL 11630903 at * 3 (E.D.N.Y., August 8, 2018), the court stated, "although there is a circuit split concerning how unidentified parties affect subject matter jurisdiction, and the Second Circuit has yet to embrace a position, many district courts have held that the presence of a John Doe defendant will not destroy diversity at the pleading or at any other stage of litigation unless and until it is discovered that the John Doe party is not, in fact, diverse"  See also Avail Holding LLC v. Ramos, 2017 WL 979027, at *2 n.5 (E.D.N.Y., March 10, 2017)("the court notes that the inclusion of Doe defendants does not destroy diversity unless it is later found that one or more of the unknown defendants is non-diverse"); W. Weber, Co. v. Kosack, 1997 WL 666246 (S.D.N.Y., October 24,

66 South Pearl Street, 11ᵗʰ Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

1997)(adopting the reasoning of a Hawaii district court in finding that the presence of a Doe defendant does not create a presumption that diversity jurisdiction is absent); Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp., Case No. cv-06-3951 (E.D.N.Y. 2007)("[T]he mere inclusion of John Doe defendants does not destroy complete diversity at this juncture. However, if it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity, this court may end up lacking the proper jurisdiction to hear the claim."); Taylor v. Doe, 2021 WL 2940919 at *6, n. 1 (S.D.N.Y., July 12, 2021). These cases uniformly adopt the "wait and see" approach and represent the prevailing view.

The court's decision in Hai Yang Liu v. 88 Harborview Realty, LLC, 5 F. Supp. 3d 443, 449 (S.D.N.Y. 2014) is based on a unique set of facts that are not present here, as plaintiffs' jurisdictional allegations in that regarding both himself as well as the John Doe Defendants (which had already been identified) were contradicted by other documentary evidence. Unlike in Hai Yang Liu, there is no information before the Court that the John Doe Defendants are not citizens of New York and/or New Jersey as alleged in the complaint (or that any one of them is a citizen of Maryland and/or Nebraska as Plaintiffs are), and notably, the Defendants have not contended nor presented any facts suggesting that the John Doe Defendants citizenship is the same as the Plaintiffs. See CIT, supra, 2018 WL 11630903 at *3 ("The defendant mortgagors have not alleged, much less suggested, the existence of any fact indicating that any of the Doe defendants is not a citizen of New York or, more specifically, that any one is a citizen of California. Supporting the majority rule of diversity, the Court finds that, on the current record, the presence of John Doe defendants does not destroy complete diversity.")

For the reasons discussed above, the presence of the John Doe Defendants does not destroy diversity jurisdiction in this matter. However, to the extent that the Court is inclined to conclude that the John Defendants would impact diversity jurisdiction, Plaintiffs respectfully request leave to the amend the Complaint pursuant to 28 U.S.C. §1653 to dismiss as against them to preserve diversity jurisdiction. See Bell v. Leakas, 1993 WL 77320 at * 4 (S.D.N.Y., March 13, 1993); C.f. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 23 (2025).

Thank you for your attention to this matter.

Very truly yours,

RIVKIN RADLER LLP
/s/ **_Jennifer Abreu_**
Jennifer Abreu

Cc:     All Counsel (via ECF)

4919-6824-7404, v. 1