# EXHIBIT C

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY COMPANY,

                        Plaintiffs,

      -against-

HARBOR MEDICAL GROUP, P.C., CONFIDENT MEDICAL SERVICES, P.C., COASTAL MEDICAL, P.C., ALEXANDR ALEXEEVICH ZAITSEV, M.D., MARK KAMINAR, ANTHONY BENEVENGA, FINANCIAL VISION GROUP, LLC, FINANCIAL VISION GROUP II, LLC FORMERLY KNOWN AS ADF EQUITIES, LLC, FINANCIAL VISION GROUP III, LLC, FINANCIAL VISION GROUP IV, LLC, DANIEL KANDHOROV, AND JOHN DOE DEFENDANTS NOS. 1-5.

                       Defendants.
--------------------------------------------------------------------

Docket No.: 2:23-cv-09038(NCM)(AYS)

## DEFENDANT, MARK KAMINAR's RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, MARK KAMINAR by his attorneys, SCHWARTZ, CONROY & HACK, PC, for their response to Plaintiff, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY COMPANY ("GEICO"), First Set of Interrogatories Directed to Defendant, MARK KAMINAR, states as follows:

### GENERAL OBJECTIONS

Each and every Interrogatory responded to herein is subject to the General Objections set forth below. These objections are set forth here to avoid the duplication and repetition of restating

1

them in each response. All of the following General Objections are incorporated by reference into each and every Response set forth below, whether or not specifically delineated therein.

1. Defendant objects to the Interrogatories to the extent that they purport to impose obligations upon Defendant in excess of those created by law.

2. Defendant objects to the Interrogatories to the extent that they seek the disclosure of attorney-client privileged communications, attorney or party work product, trial preparation material or any other material or information encompassed within any applicable privilege provided by law or otherwise protected from disclosure. Any disclosure of privileged information or release of privileged documents is unintentional and inadvertent and thus shall not constitute a waiver of any applicable privilege.

3. Defendant objects to the Interrogatories to the extent that they seek the production of documents or information that contains confidential information and will not produce such documents or provide such information in the absence of appropriate protective measures agreed to by the parties and approved by the Court.

4. Defendant objects to the Interrogatories to the extent that they are overly broad, vexatious or seek information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that they seek information that is unduly burdensome to obtain or produce.

6. Defendant objects to the Interrogatories to the extent that responses have previously been provided to Plaintiff.

7. Defendant objects to the Interrogatories to the extent that they are ambiguous, vague or otherwise incomprehensible and/or not sufficiently descriptive to permit a meaningful

response.

8. Defendant objects to the Interrogatories to the extent that they seek a response that is duplicative of the response to one or more other Interrogatories.

9. Defendant objects to the Interrogatories to the extent that they include undefined words, phrases and terms, which tend to make them unclear and/or ambiguous.

10. Defendant objects to the Interrogatories to the extent that they include definitions for words, phrases and terms, which tend to make the responses to the Interrogatories overly broad or unduly burdensome.

11. Defendant objects to the extent that the Interrogatories contain no temporal limitations, or include temporal limitations that make them unduly burdensome and/or that exceed the time period at issue in this action, and Defendant will provide information for a reasonable time period consistent with the facts and occurrences at issue in this litigation.

12. Defendant objects to all Interrogatories as being inherently improper to the extent that they seek to compel Defendant to disprove baseless and unsubstantiated accusations made by Defendant, and to prove his own lack of culpability.

In providing these General Objections to the Interrogatories, Defendant does not in any way waive nor does he intend to waive, but rather intends to preserve and is preserving:

A. all objections as to competence, relevance, materiality and admissibility of any document or information that may be produced pursuant to the Interrogatories or the subject matter of any request;

B. all objections as to vagueness, ambiguity and undue burden;

C. all objections to the use of any documents that may be produced, or of the subject matter of any Interrogatory Response, in any other or subsequent proceedings,

3

   including the hearing of this or any other related or unrelated action, trial, hearing, case or controversy; and

  D. all objections to any request for further responses to the Interrogatories or any other request for documents or information, or other discovery requests involving or related to the subject matter of the Interrogatories.

 All responses are made on an express reservation of objections as set forth above and, in some instances, below, and no response shall be deemed, and specifically is stated not to be, a waiver of such objection(s).

## RESPONSE TO INTERROGATORIES

 1. Identify all corporations, partnerships, limited liability companies, limited liability partnerships, and any other entity or business that You have: (i) owned, in whole or in part; (ii) been employed by; (iii) received payment from; and/or (iv) provided any type of service relating to a healthcare provider or healthcare practice that provided goods and/or healthcare services. For each entity/business, identify the name of the entity/business, its address, the dates of your ownership, employment and/or involvement, and a description of Your title, duties and responsibilities.

 **RESPONSE: I, Mark Kaminar, am the owner of ABT Services Inc., NJ Corporation, which provides accounting, bookkeeping, payroll processing, and tax preparation services for small business owners and individuals. It was incorporated on or about January 4, 2000. I have no ownership, and have never had any ownership, either in full or in part, of any healthcare practice or any other entity involved in the provision of goods and/or healthcare services. I have received payment from Dr. Zaitzev for accounting services.**

 2. Describe Your relationship and/or association with each of the Defendants, including but not limited to a description of all services performed by You for or on behalf of each of the Defendants, and the dollar amount paid to You annually by or on behalf of each of the Defendants.

 **RESPONSE: a. Harbor Medical Group, P.C. ABT Services Inc. a.k.a Mark Kaminar provided limited bookkeeping services to Harbor Medical Group, P.C., specifically related to processing payroll and certain accounts payable as per the instructions of Kelly or his office staff. There was no formal agreement between ABT Services Inc. and Harbor Medical Group, P.C.; it was an 'at will' agreement with no engagement letter signed. As per verbal agreement the billable hours were charged at a rate of $60 per hour. and paid by the Financial Vision Gorup on behalf of Harbor Medical Group, P.C. monthly. Period of services covered: 06/2018-09/2019. Total office hours spent by the office employees - 278.3 hours. Total amount paid to ABT Services Inc.: $16,698.**

4

**There was no formal agreement between ABT Services Inc. and Harbor Medical Group, P.C.; it was an 'at will' agreement with no engagement letter signed. Time period: 06/2018-09/2019.**

**b. Robert Brian Kelly, D.O. ABT Services Inc did not provide any services to Dr. Kelly personally. However, being an officer of the Harbor, Dr. Kelly established a salary for himself which was processed by ABT Services Inc as a part of payroll. In addition to the payroll, he was taking management fee compensation to the name of RK Management Group. No compensation was received by ABT Services Inc from Dr. Kelly.**

**c. Alexandr Alexeevich Zaitsev. ABT Services Inc. a.k.a. Mark Kaminar has been contracted as the independent personal and business accountant for Alexandr Alexeevich Zaitsev. The services provided include payroll processing, corporate accounting, preparation of both personal and corporate tax returns. No compensation has ever been received from the entities related to this inquiry.**

**d. Anthony Benevenga.; No services rendered, nor compensation received by ABT Services Inc. during the period in question. In the last two years, I have provided tax preparation services to him.**

**e. Financial Vision Group, LLC**

**The scope of services provided by ABT Services Inc. for Financial Vision Group, LLC included recording bank transactions as per statements. Additionally, ABT Services Inc. assisted in preparing various statistical reports and Answers to GEICO Interrogatories, monthly reports for FHJ Vision Partners LLC (a member of FVG) located at Abrams Fensterman Law office, as well as general ledger for outside accountants, specifically Grassi & Co., CPA's to be used in preparing tax returns. Total amount paid to ABT Services Inc., excluding the amount paid on behalf of Harbor Medical Gorup, P.C. was $67,703.**

**f. Financial Vision Group II, LLC formerly known as ADF Equities, LLC included in response to (e) .**

**g. Financial Vision Group III, LLC included in response to (e)**

**h. Financial Vision Group IV, LLC included in response to (e)**

**i. Daniel Kandhorov. No services performed by ABT Services Inc. for Daniel Kandhorov.**

**3.     In connection with Interrogatory No. 2, identify every agreement, contract, retainer, directive, referral arrangement, debt, invoice, transaction, and/or demand or receipt for payment between You and each Defendant that relates to or concerns Kelly and/or the Provider Defendants.**

**RESPONSE: There were no agreements. However, the summary of payments received in lieu of compensation for services rendered by ABT Services from FVG including**

5

**compensation on behalf of Harbor Medical is attached to my document responses.**

4. Describe all actions taken by You or for or on behalf of any individual or entity, in relation to the recruitment of Kelly and the incorporation, formation, start-up, funding and/or financing of the Provider Defendants.

**RESPONSE: I was not involved in any actions in relation to the recruitment of Kelly, and the funding and/or financing of the Provider Defendants. I have no knowledge whatsoever of Harbor operations. However, I helped to file an initial corporation certificate as per Dr. Kelly request for which he paid to the state with his funds.**

5. Identify all individuals and/or entities who made a capital contribution or investment, contributed any funds, or made any loans or provided financing to or for the benefit of the Provider Defendants and/or its billings and/or account receivables. This request should be construed to encompass monies paid directly to the Provider Defendants and monies that were paid to You, or any entity You own, operate and/or control.

**RESPONSE: Funding and advances to providers, disbursement of funds and all financial decisions were handled by Dr. Kelly and Daniel Kandhorov on behalf of FVG. Attached to my document responses are copies of the legal documents signed by Dr. Kelly with FVG and signed requests to finance his operations. ABT Services had no financial interest, nor authority to make any decisions pertaining to Provider Defendant entities.**

6. For each individual and/or entity identified in response to Interrogatory No. 5, identify the capital contribution, investment and/or loans/financing and describe the nature of the transaction, the amount involved and the date when the monies were paid.

**RESPONSE: The breakdown of all Advances received by Harbor Medical during the given period is attached to my document responses.**

7. Identify and describe the nature of all agreements, whether oral or written, relating to or concerning Kelly and/or the Provider Defendants that relate to any service provided by You or which resulted in any payment to You, regardless of whether You were a signatory to the agreements.

**RESPONSE: There were no other oral or written agreements or payments except those stated above in the response to Interrogatory 2.**

8. Identify and describe Your involvement with the Healthcare Services, including the identification of any individuals that performed any of the Healthcare Services, and for each such individual identified, describe: (i) the manner in which they performed any of the Healthcare Services; and (ii) Your relationship with that individual.

**RESPONSE: ABT Services Inc. a.k.a. Mark Kaminar has never been involved in any healthcare services.**

9. Identify (i) all physical locations from which the Provider Defendants have operated or performed the Healthcare Services; (ii) the owner, lessor, sublessor, or other person

or entity with whom the Provider Defendants have or had an agreement for use of the location; and (iii) the rent or fee charged for use of the location, if any.

**RESPONSE: The only physical location I am aware of for Harbor was 205-16 Jamaica Ave, Hollis, NY 11423 just because ABT Services Inc. was instructed to make rent payments to the following landlord: Francis Lewis Jamaica LLC, with Tax ID 13-4296689, located at 5 Continental Ave, Suite #353, Forest Hills, NY 11375. The monthly rent was billed at $9,527.90. I do not know if healthcare services were provided at this location, as I have never been to the premises, have never met any of employees except for Dr. Kelly and have no involvement in any healthcare services. I am not aware of any other locations for the Provider Defendants.**

10. Identify each individual and/or entity with whom You communicated on behalf of Kelly and/or the Provider Defendants, and for each individual/entity identified, provide their name and the manner in which You communicated with that person (i.e., in person, telephone, email, fax, text message, through social medial, WhatsApp), including the specific phone numbers, fax numbers, email addresses, and social media accounts used to communicate with each identified individual/entity.

**RESPONSE: Other than Dr. Kelly, the following are the only individuals I communicated with that I am aware of provided services for any of the Provider Defendants**

**a. Office manager of Harbor Medical in Jamaica, Queens - harbormedicalpc@gmail.com**

**b. Alexander Spivak – representative of Francis Lewis Jamaica LLC, the landlord - commercialace@gmail.com**

**c. Daniel Kandhorov (Member of FVG)**

11. Identify all individuals and/or entities with whom You communicated that provided any services for or on behalf of the Provider Defendants. In responding to this Interrogatory, your response should include (but not be limited to) the identification of individuals and/or entities that provided (i) operation and/or management services; (ii) marketing and/or advertising services; (iii) legal and/or arbitration services, including collection of No-Fault insurance receivables and the incorporation, formation, or start-up of the Provider Defendants; (iv) billing and collection services; (v) accounting, bookkeeping, or tax preparation services; (vi) clerical/administrative services; (vii) consulting of any type; (viii) funding; and/or (ix) health care staffing services.

**RESPONSE: I have never been involved in any day-to-day operations and do not have information regarding individuals or entities that provided services for Harbor Medical Group, including but not limited to: i. operational and/or management services, ii. marketing and/or advertising services, iii. legal and/or arbitration services, iv. billing and collection services, v. accounting or tax preparation services, vi. clerical/administrative services, vii. consulting of any type, viii. funding, or ix. healthcare staffing services. ABT Services Inc. provided only limited bookkeeping services. Other than Dr. Kelly, the following are the only individuals I communicated with that I am aware of provided services for any of the Provider Defendants**

7

     **a. Office manager of Harbor Medical in Jamaica, Queens -** harbormedicalpc@gmail.com

     **b. Alexander Spivak – representative of Francis Lewis Jamaica LLC, the landlord -** commercialace@gmail.com

     **c. Daniel Kandhorov (Member of FVG)**

     12.    For each any individual and/or entity identified in response to Interrogatory No. 11, identify the type of service that each individual/entity provided, whether there were any oral or written agreements, and the time period in which the services were provided.

     **RESPONSE: See response to No. 12.**

     13.    Identify all documents relating to or reflecting communications between You and any of the other Defendants concerning the Healthcare Services, the operation and/or management of the Provider Defendants, the submission of bills for the Healthcare Services in the name of Kelly and/or the Provider Defendants, and/or the services provided by You in relation to the Provider Defendants.

     **RESPONSE: I am not aware of any such documents. ABT Services Inc. a.k.a. Mark Kaminar was not involved in any Healthcare Services, the operation and/or management of the Provider Defendants, has no knowledge or involvement of any kind in submission of bills for the Healthcare Services. ABT services has never had any communications or possession of documents of any kind pertaining to creation and/or submission of bills for the Healthcare Services.**

     14.    Identify all documents relating to or reflecting communications between You and any third-party (other than the Defendants) relating to or concerning the Healthcare Services, the operation and/or management of the Provider Defendants, the submission of bills for the Healthcare Services in the name of Kelly and/or the Provider Defendants, and/or the services provided by You on behalf of or in relation to the Provider Defendants.

     **RESPONSE:**    **I am not aware of any such documents. ABT Services Inc. a.k.a. Mark Kaminar was not involved in any Healthcare Services, the operation and/or management of the Provider Defendants, has no knowledge or involvement of any kind in submission of bills for the Healthcare Services. ABT services has never had any communications or possession of documents of any kind pertaining to creation and/or submission of bills for the Healthcare Services.**

     15.    Identify each individual and/or entity that is and/or was involved in the creation and/or mailing of the bills, cover letters, NF-3 forms, HCFA 1500 forms, assignment of benefit forms, treatment forms, and/or reports to automobile insurance companies (including GEICO) for or on behalf of the Provider Defendants.

     **RESPONSE:**    **I am not aware of these individuals or entities. ABT Services Inc. a.k.a. Mark Kaminar was not involved in any Healthcare Services, the operation and/or management of the Provider Defendants, has no knowledge or involvement of any kind in**

**submission of bills for the Healthcare Services. I have no involvement in, nor knowledge of, creation and/or mailing of the bills, cover letters, NF-3 forms, HCFA 1500 forms, assignment of benefit forms, treatment forms, and/or reports to automobile insurance companies. Furthermore, I have never heard about the forms listed above, nor familiar with their content.**

16. For any individual and/or entity identified in response to Interrogatory No. 15, identify the type of service that each individual/entity provided, whether there were any oral or written agreements, and the time period in which the services were provided.

**RESPONSE: I am not aware of these individuals or entities.**

17. Identify all bank accounts (including the account number and financial institution) that were used in relation to the billing, operation, and/or management of the Provider Defendants. For each account, identify each person that had permission and/or authority to: (i) view and/or access each bank account (electronically or otherwise); (ii) sign and/or issue checks from the bank account; (iii) endorse checks issued from each bank account; and (iv) make withdrawals and/or other forms of transfer from each bank account.

**RESPONSE: ABT Services Inc. a.k.a. Mark Kaminar has no knowledge about any bank account pertaining to billing and collection of any kind of fees related to healthcare services. However, Dr. Kelly granted me a limited electronic access to view the following bank account ( Harbor Medical) for the purpose of setting up payroll services, the access was later removed by Kelly. Account info: JPMorgan Chase, routing number 021000021, and account number 296725200. ABT Services Inc. has never been a signor on the account, and did not have permission or authority to sign or issue checks from the bank account. Additionally, ABT Services Inc. did not have permission or authority to endorse checks, make withdrawals, or perform any other form of transfer from the bank account, except for employees and vendor payments as per prior Dr. Kelly, Daniel Kandhorov's, or medical office manager instructions.**

18. Identify all payments of money You received from any individual and/or entity in relation to or on account of the Provider Defendants, and for each such payment, identify: (i) who issued the payment; (ii) the method of payment (e.g., cash, check, electronic transfer, or other method); (iii) the financial institution and account number associated with the payment; and (iv) all accounts into which You deposited or transferred the payment that You received, including the financial institution and account number.

**RESPONSE: As per verbal agreement the billable hours were charged at a rate of $60 per hour and paid by the Financial Vision Group on behalf of Harbor Medical Group, P.C. monthly. Period of services covered: 06/2018-09/2019. Total office hours spent by the office employees - 278.3 hours. Total amount paid to ABT Services Inc.: $16,698.**

19. Identify the number of times that You have given sworn testimony, either in the course of an examination under oath, a deposition or at trial. For each instance identified, state the date that the testimony was given, the nature of the proceeding (i.e., examination under oath, deposition or trial) and the insurance company (if applicable) that was involved in the proceeding

9

in which testimony was given.

**RESPONSE: I provided testimony during a deposition in the case of GEICO vs. Zaitsev in November or December of 2021.**

20. Identify all criminal, disciplinary, or administrative proceedings, or investigations involving You.

**RESPONSE: There have been no criminal, disciplinary, or administrative proceedings involving me at any time.**

Dated: Garden City, New York
October 29, 2024

SCHWARTZ CONROY & HACK, P.C.

By: *Matthew J. Conroy*
Matthew J. Conroy
*Attorneys for the Defendants*
ALEXANDR ALEXEEVICH ZAITSEV, M.D., MARK KAMINAR, and ANTHONY BENEVENGA
666 Old Country Road, 9th Floor
Garden City, New York, 11530
(516) 745-1122

TO:

RIVKIN RADLER LLP
Michael A. Sirignano, Esq.
Barry I. Levy, Esq.
Jennifer Abreu, Esq.
Joanna Rosenblatt, Esq.
*Attorneys for Plaintiff, GEICO*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

10

# **DECLARATION**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

    I, MARK KAMINAR, upon oath do say and deposes under penalty of perjury and says that I am a Defendant in the above-entitled action; that I have read the foregoing response to Plaintiff GEICO's First Set of Interrogatories Directed to Defendant, MARK KAMINAR, and that the same is true to my own knowledge.

October \_\_\_29\_, 2024

By: <i>Mark Kaminar</i><br>
_____<br>
MARK KAMINAR