# EXHIBIT D

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No.: 2:23-cv-09038(NCM)(AYS)
-----------------------------------------------------------------
GOVERNMENT    EMPLOYEES    INSURANCE
COMPANY, GEICO INDEMNITY COMPANY, GEICO
GENERAL  INSURANCE  COMPANY  and  GEICO
CASUALTY COMPANY,

                          Plaintiffs,

                 -against-

HARBOR  MEDICAL  GROUP,  P.C.,  CONFIDENT
MEDICAL  SERVICES,  P.C.,  COASTAL  MEDICAL,
P.C.,  ALEXANDR  ALEXEEVICH  ZAITSEV,  M.D.,
MARK    KAMINAR,    ANTHONY    BENEVENGA,
FINANCIAL  VISION  GROUP,  LLC,  FINANCIAL
VISION GROUP II, LLC FORMERLY KNOWN AS
ADF  EQUITIES,  LLC,  FINANCIAL  VISION  GROUP
III,  LLC,   FINANCIAL  VISION  GROUP  IV,  LLC,
DANIEL    KANDHOROV,    AND    JOHN    DOE
DEFENDANTS NOS. 1-5.

                          Defendants.
-----------------------------------------------------------------

### DEFENDANT, ANTHONY BENEVENGA's RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant,  ANTHONY BENEVENGA, by his  attorneys, SCHWARTZ, CONROY & HACK,

PC, for his response to Plaintiff, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO

INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY

COMPANY ("GEICO"), First Set of Interrogatories Directed to Defendant, ANTHONY

BENEVENGA, states as follows:

### GENERAL OBJECTIONS

Each and every Interrogatory responded to herein is subject to the General Objections

set forth below. These objections are set forth here to avoid the duplication and repetition of

restating them in each response. All of the following General Objections are incorporated by

1

reference into each and every Response set forth below, whether or not specifically delineated therein.

1.      Defendant objects to the Interrogatories to the extent that they purport to impose obligations upon Defendant in excess of those created by law.

2.      Defendant objects to the Interrogatories to the extent that they seek the disclosure of attorney-client privileged communications, attorney or party work product, trial preparation material or any other material or information encompassed within any applicable privilege provided by law or otherwise protected from disclosure.  Any disclosure of privileged information or release of privileged documents is unintentional and inadvertent and thus shall not constitute a waiver of any applicable privilege.

3.      Defendant objects to the Interrogatories to the extent that they seek the production of documents or information that contains confidential information and will not produce such documents or provide such information in the absence of appropriate protective measures agreed to by the parties and approved by the Court.

4.      Defendant objects to the Interrogatories to the extent that they are overly broad, vexatious or seek information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Interrogatories to the extent that they seek information that is unduly burdensome to obtain or produce.

6.      Defendant objects to the Interrogatories to the extent that responses have previously been provided to Plaintiff.

7.      Defendant objects to the Interrogatories to the extent that they are ambiguous, vague or otherwise incomprehensible and/or not sufficiently descriptive to permit a

meaningful response.

8.    Defendant objects to the Interrogatories to the extent that they seek a response that is duplicative of the response to one or more other Interrogatories.

9.    Defendant objects to the Interrogatories to the extent that they include undefined words, phrases and terms, which tend to make them unclear and/or ambiguous.

10.    Defendant objects to the Interrogatories to the extent that they include definitions for words, phrases and terms, which tend to make the responses to the Interrogatories overly broad or unduly burdensome.

11.    Defendant objects to the extent that the Interrogatories contain no temporal limitations, or include temporal limitations that make them unduly burdensome and/or that exceed the time period at issue in this action, and Defendant will provide information for a reasonable time period consistent with the facts and occurrences at issue in this litigation.

12.    Defendant objects to all Interrogatories as being inherently improper to the extent that they seek to compel Defendant to disprove baseless and unsubstantiated accusations made by Defendant, and to prove his own lack of culpability.

In providing these General Objections to the Interrogatories, Defendant does not in any way waive nor does he intend to waive, but rather intends to preserve and is preserving:

A.    all objections as to competence, relevance, materiality and admissibility of any document or information that may be produced pursuant to the Interrogatories or the subject matter of any request;

B.    all objections as to vagueness, ambiguity and undue burden;

C.    all objections to the use of any documents that may be produced, or of the subject matter of any Interrogatory Response, in any other or subsequent

3

proceedings, including the hearing of this or any other related or unrelated action, trial, hearing, case or controversy; and

D.      all objections to any request for further responses to the Interrogatories or any other request for documents or information, or other discovery requests involving or related to the subject matter of the Interrogatories.

All responses are made on an express reservation of objections as set forth above and, in some instances, below, and no response shall be deemed, and specifically is stated not to be, a waiver of such objection(s).

## RESPONSE TO INTERROGATORIES

1.      Identify all corporations, partnerships, limited liability companies, limited liability partnerships, and any other entity or business that You have: (i) owned, in whole or in part; (ii) been employed by; (iii) received payment from; and/or (iv) provided any type of service relating to a healthcare provider or healthcare practice that provided goods and/or healthcare services.  For each entity/business, identify the name of the entity/business, its address, the dates of your ownership, employment and/or involvement, and a description of Your title, duties and responsibilities.

**RESPONSE: (1) I am the 100% owner of Ansa Services LLC, which was incorporate don or about 4/1/2006. Ansa Services address is 189 Terrace Avenue, North Haldon, New Jersey. I am also a part owner of Ridgewood Diagnostics LLC (5%) since approximately 2015.  Ridgewood's address is 126 State Street, Hackensack, New Jersey. (2)  I was also employed by IGEA Brain,  Spine and Orthopedics  (3) and (4) I am personal friends with Dr. Zaitsev and have provided him with marketing his companies over the years as well as being co-investors in Ridgewood.**

2.      Describe Your relationship and/or association with each of the Defendants, including but not limited to a description of all services performed by You for or on behalf of each of the Defendants, and the dollar amount paid to You annually by or on behalf of each of the Defendants.

**RESPONSE:   I am personal friends with Dr. Zaitzev and have also provided marketing for his companies. We are both investors in Ridgewood. I have no relationship at all with defendants Harbor Medical Group, P.C., Confident Medical services, P.C., Coastal Medical. P.C., Daniel Kandhorov, or FINANCIAL VISION GROUP, LLC, FINANCIAL VISION GROUP II, LLC FORMERLY KNOWN AS ADF  EQUITIES, LLC, FINANCIAL VISION GROUP III, LLC,  FINANCIAL VISION GROUP IV, LLC.  I know Mark Kaminar as an accountant for myself and Ansa Services.**

4

3.      In connection with Interrogatory No. 2, identify every agreement, contract, retainer, directive, referral arrangement, debt, invoice, transaction, and/or demand or receipt for payment between You and each Defendant that relates to or concerns Kelly and/or the Provider Defendants.

**RESPONSE:   None. There are no agreements, contracts, retainers, directives, referral arrangements, debts, invoices, transactions, and/or demands or receipts for payment between me and any Defendant relating to Kelly or the Provider Defendants as defined in the Interrogatory.**

4.      Describe all actions taken by You or for or on behalf of any individual or entity, in relation to the recruitment of Kelly and the incorporation, formation, start-up, funding and/or financing of the Provider Defendants.

**RESPONSE:   None. I did not recruit Dr. Kelly (either on my own or on behalf of any individual or entity) for any of the Provider Defendants  nor did I have any involvement in the incorporation, formation, start-up, funding and/or financing of the Provider Defendants.  I knew Dr. Kelly as a friend  and knew he was looking for work in general and introduced him to Dr. Zaitzev but did not introduce him  to work for any specific company, including, but not limited to, the Provider Defendants.**

5.       Identify all individuals and/or entities who made a capital contribution or investment, contributed any funds, or made any loans or provided financing to or for the benefit of the Provider Defendants and/or its billings and/or account receivables. This request should be construed to encompass monies paid directly to the Provider Defendants and monies that were paid to You, or any entity You own, operate and/or control.

**RESPONSE:   I have no idea about any individuals and/or entities who made a capital contribution or investment, contributed any funds, or made any loans or provided financing to or for the benefit of the Provider Defendants and/or its billings and/or account receivables having no involvement with same and no money was paid to me, or any entity I own, operate and/or control with respect to the Provider Defendants.**

6.       For each individual and/or entity identified in response to Interrogatory No. 5, identify the capital contribution, investment and/or loans/financing and describe the nature of the transaction, the amount involved and the date when the monies were paid.

**RESPONSE:   Not applicable.**

7.      Identify and describe the nature of all agreements, whether oral or written, relating to or concerning Kelly and/or the Provider Defendants that relate to any service provided by You or which resulted in any payment to You, regardless of whether You were a signatory to the agreements.

**RESPONSE:   I had no such agreements and provided no services to Kelly and/or the Provider Defendants and was not paid by them,**

8.    Identify and describe Your involvement with the Healthcare Services, including the identification of any individuals that performed any of the Healthcare Services, and for each such individual identified, describe: (i) the manner in which they performed any of the Healthcare Services; and (ii) Your relationship with that individual.

**RESPONSE:    I was not involved with the Healthcare services and have no knowledge who performed the Healthcare Services as defined by the Definitions/ Instructions to the Interrogatories.**

9.    Identify (i) all physical locations from which the Provider Defendants have operated or performed the Healthcare Services; (ii) the owner, lessor, sublessor, or other person or entity with whom the Provider Defendants have or had an agreement for use of the location; and (iii) the rent or fee charged for use of the location, if any.

**RESPONSE:    I do not have any knowledge of the locations from which the Provider Defendants have operated or performed the Healthcare Services; the owner, lessor, sublessor, or other person or entity with whom the Provider Defendants have or had an agreement for use of any location; or the rent or fee charged for any location.**

10.    Identify each individual and/or entity with whom You communicated on behalf of Kelly and/or the Provider Defendants, and for each individual/entity identified, provide their name and the manner in which You communicated with that person (i.e., in person, telephone, email, fax, text message, through social medial, WhatsApp), including the specific phone numbers, fax numbers, email addresses, and social media accounts used to communicate with each identified individual/entity.

**RESPONSE:    I never communicated on behalf of the Provider Defendants. My only communication was, as described above, introducing Dr. Kelly to Dr. Zaitzev since Dr. Kelly was looking for work. I did not do this on behalf of any Provider Defendant. This communication occurred on my cell phone, 201-805-1738. The meeting between them, upon information and belief,  was in person probably at the Ridgewood Laboratory.**

11.    Identify all individuals and/or entities with whom You communicated that provided any services for or on behalf of the Provider Defendants.  In responding to this Interrogatory, your response should include (but not be limited to) the identification of individuals and/or entities that provided (i) operation and/or management services; (ii) marketing and/or advertising services; (iii) legal and/or arbitration services, including collection of No-Fault insurance receivables and the incorporation, formation, or start-up of the Provider Defendants; (iv) billing and collection services; (v) accounting, bookkeeping, or tax preparation services; (vi) clerical/administrative services; (vii) consulting of any type; (viii) funding; and/or (ix) health care staffing services.

**RESPONSE:    I am unaware of anyone who provided services for or on behalf of the Provider Defendants. I do not know who, or which entity, if any, provided: (1) operation and management services; (2) marketing and/or advertising services; (3) legal and/or arbitration services , including collection of No-Fault insurance**

receivables and the incorporation, formation, or start-up of the Provider Defendants; (4) billing and collection services; (5) accounting, bookkeeping or tax preparation services; (6) clerical/administrative services; (7) consulting of any type; (8) funding; and/or (9) health care staffing services.

12.     For each any individual and/or entity identified in response to Interrogatory No. 11, identify the type of service that each individual/entity provided, whether there were any oral or written agreements, and the time period in which the services were provided.

**RESPONSE:    Not applicable.**

13.     Identify all documents relating to or reflecting communications between You and any of the other Defendants concerning the Healthcare Services, the operation and/or management of the Provider Defendants, the submission of bills for the Healthcare Services in the name of Kelly and/or the Provider Defendants, and/or the services provided by You in relation to the Provider Defendants.

**RESPONSE:    There are no  documents responsive to this Interrogatory.**

14.     Identify all documents relating to or reflecting communications between You and any third-party (other than the Defendants) relating to or concerning the Healthcare Services, the operation and/or management of the Provider Defendants, the submission of bills for the Healthcare Services in the name of Kelly and/or the Provider Defendants, and/or the services provided by You on behalf of or in relation to the Provider Defendants.

**RESPONSE:    There are no communications responsive to this Interrogatory.**

15.     Identify each individual and/or entity that is and/or was involved in the creation and/or mailing of the bills, cover letters, NF-3 forms, HCFA 1500 forms, assignment of benefit forms, treatment forms, and/or reports to automobile insurance companies (including GEICO) for or on behalf of the Provider Defendants.

**RESPONSE:  I do not know any individual and/or entity that is and/or was involved in the creation and/or mailing of the bills, cover letters, NF-3 forms, HCFA 1500 forms, assignment of benefit forms, treatment forms, and/or reports to automobile insurance companies (including GEICO) for or on behalf of the Provider Defendants.**

16.     For any individual and/or entity identified in response to Interrogatory No. 15, identify the type of service that each individual/entity provided, whether there were any oral or written agreements, and the time period in which the services were provided.

**RESPONSE:**

17.     Identify all bank accounts (including the account number and financial institution) that were used in relation to the billing, operation, and/or management of the Provider Defendants. For each account, identify each person that had permission and/or

authority to: (i) view and/or access each bank account (electronically or otherwise); (ii) sign and/or issue checks from the bank account; (iii) endorse checks issued from each bank account; and (iv) make withdrawals and/or other forms of transfer from each bank account.

**RESPONSE:  I do not know of the bank accounts, if any, that were used in relation to the billing, operation, and/or management of the Provider Defendants.**

18.    Identify all payments of money You received from any individual and/or entity in relation to or on account of the Provider Defendants, and for each such payment, identify: (i) who issued the payment; (ii) the method of payment (e.g., cash, check, electronic transfer, or other method); (iii) the financial institution and account number associated with the payment; and (iv) all accounts into which You deposited or transferred the payment that You received, including the financial institution and account number.

**RESPONSE:    I did not receive any payments from any individual and/or entity in relation to or on account of the Provider Defendants.**

19.    Identify the number of times that You have given sworn testimony, either in the course of an examination under oath, a deposition or at trial.  For each instance identified, state the date that the testimony was given, the nature of the proceeding (i.e., examination under oath, deposition or trial) and the insurance company (if applicable) that was involved in the proceeding in which testimony was given.

**RESPONSE: I gave testimony in GEICO v. Zaitzev, 20-cv-03495.**

20.    Identify all criminal, disciplinary, or administrative proceedings, or investigations involving You.

**RESPONSE:   None.**

Dated: Garden City, New York
         October 29, 2024

                                                  SCHWARTZ CONROY & HACK, P.C.

                                                  By*: Matthew J. Conroy*
                                                  Matthew J. Conroy
                                                  *Attorneys for the Defendants*
                                                  *ALEXANDR ALEXEEVICH ZAITSEV, M.D., MARK    KAMINAR,    and    ANTHONY BENEVENGA*
                                                  666 Old Country Road, 9th Floor
                                                  Garden City, New York,11530
                                                  (516) 745-1122

8

TO:

RIVKIN RADLER LLP
Michael A. Sirignano, Esq.
Barry I. Levy, Esq.
Jennifer Abreu, Esq.
Joanna Rosenblatt, Esq.
*Attorneys for Plaintiff, GEICO*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

**<u>DECLARATION</u>**

STATE OF NEW YORK      )
                         ) ss:
COUNTY OF NEW YORK   )

     I, ANTHONY BENEVENGA, upon oath do say and deposes under penalty of perjury and says that I am a Defendant in the above-entitled action; that I have read the foregoing response to Plaintiff GEICO's First Set of Interrogatories Directed to Defendant, ANTHONY BENEVENGA, and that the same is true to my own knowledge.

Dated: October 29, 2024

                                   By: _____
                                         ANTHONY BENEVENGA