# EXHIBIT "9"

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiff
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 117
Trenton, New Jersey 08625-0117

By: Anna M. Lascurain
    Deputy Attorney General
    NJ Attorney ID: 006211994
    (609) 376-2965
    anna.lascurain@law.njoag.gov

SUPERIOR COURT OF NEW JERSEY
LAW DIVISON-BERGEN COUNTY
DOCKET NO. BER-L-2601-22

| | |
|---|---|
| MARLENE CARIDE, COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO CICCONE, D.O.; PAUL KOSMORSKY D.O.; BRADLEY BODNER, D.O.; ALEXANDER ZAITSEV M.D.; HIGHLAND MEDICAL GROUP OF N.J.,P.C.(n/k/a/ MILLENIUM MEDICAL GROUP OF N.J.; And INTERSTATE MULTI-SPECIALTY MEDICAL GROUP, P.C. | <u>Civil Action</u><br><br>**STIPULATION OF SETTLEMENT** |

- 1 -

## STIPULATION OF SETTLEMENT

WHEREAS, Plaintiff Marlene Caride, Commissioner of the New Jersey Department of Banking and Insurance ("Plaintiff"), and Defendants Alexander Zaitsev, M.D. ("Zaitsev"), Highland Medical Group of New Jersey, P.C. n/k/a Millenium Medical Group of New Jersey, P.C ("Highland and Millenium") and Interstate Multi-Specialty Medical Group, P.C. ("Interstate")("Defendants") (collectively the "Parties") have reached an amicable agreement resolving the issues in controversy, and consented to the entry of the within Stipulation of Settlement ("Stipulation") limited to the claims specified herein.

WHEREAS, the Parties have determined and hereby agree that settlement is in each of their best interests, and for good cause shown; and

WHEREAS, Zaitsev has a majority ownership interest in Highland and Interstate; and

WHEREAS, the Plaintiff is authorized under the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 to -30 ("Fraud Act") to institute suit for civil penalties and other relief against any person who violates the provisions of the Fraud Act pursuant to N.J.S.A. 17:33A-5.

WHEREAS, the Parties consent to the entry of the within Stipulation pursuant to the terms and conditions set forth below.

1

NOW THEREFORE, the Parties agree fully and finally to settle the claims specified herein pursuant to the terms and conditions below.

1. Zaitsev admits that is responsible and failed to properly supervise insurance billing procedures in Highland and Interstate. <u>Allstate New Jersey Insurance Company v. Davit et al.</u>, Docket No. UNN-L-217-18 and <u>Marlene Caride, Commissioner v. Alexander Zaitsev, M.D.</u>, Docket No. BER-L-2601-22.

2. No admissions are made in <u>Allstate New Jersey Insurance Company v. Davit et al.</u>, Docket No. UNN-L-217-

3. Any future violations of the Fraud Act shall be considered subsequent violations pursuant to N.J.S.A. 17:33A-5(c).

4. Defendants agree that they shall not engage in any future violations of the Fraud Act.

5. Defendants shall pay Plaintiff the total amount of $395,000.00, consisting of $350,000.00 in civil penalties pursuant to N.J.S.A. 17:33A-5b; $10,000.00 in attorney's fees pursuant to N.J.S.A. 17:33A-5(b); $35,000.00 in statutory surcharges against Zaitsev and Interstate ($17,500.00 each) pursuant to N.J.S.A. 17:33A-5.1 (the "Settlement Amount").

6. Defendants shall pay the Settlement Amount upon the following terms and conditions:

a. Immediately upon execution of this Stipulation by Defendants, but no later than July 1, 2023, Defendants shall remit to the attorney for the Plaintiff the Settlement Amount in the amount of $395,000.00 by certified check, official bank check, or money order made payable to the "Commissioner, New Jersey Department of Banking and Insurance" and sent to:

> Anna M. Lascurain, Deputy Attorney General
> Banking and Insurance Section
> R.J. Hughes Justice Complex
> 25 Market Street
> P.O. Box 117
> Trenton, New Jersey 08625-0117

7. No representation, inducement, promise, understanding, condition, or warranty not set forth in this Stipulation has been made to or relied upon by the Defendants in agreeing to this Stipulation. Defendants represent that this Stipulation is freely and voluntary entered into without any degree of duress or compulsion.

8. The Parties agree that no additional attorneys' fees or costs shall be due, except that Defendants shall pay all reasonable costs of collection and enforcement of this Stipulation, including attorneys' fees and expenses.

9. Upon payment in full of the Settlement Amount, Plaintiff shall file separate Stipulations of Dismissal dismissing all claims asserted against the Defendants in the matters of <u>Allstate New Jersey Insurance Company v. Davit et al.</u>, Docket No. UNN-L-

217-18 and <u>Marlene Caride, Commissioner v. Alexander Zaitsev, M.D.</u>, Docket No. BER-L-2601-22.

10. For purposes of construction, this Stipulation shall be deemed drafted by all Parties to this Stipulation and therefore shall not be construed against any party for that reason in any subsequent dispute.

11. The undersigned counsel and any other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons indicated below.

12. All communications from any party concerning the subject matter of this Stipulation shall be addressed as follows:

> If to the Plaintiff:
>
> Anna M. Lascurain, DAG
> Banking and Insurance Section
> R.J. Hughes Justice Complex
> 25 Market Street
> P.O. Box 117
> Trenton, New Jersey 08625-0117
>
> If to the Defendants:
>
> The Law Firm of Vincent Scoca, Esq.
> 395 Franklin Street
> Bloomfield, NJ 07003

13. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitutes one and the same agreement.

14. The penalties of this Stipulation are imposed pursuant to the police powers of the State of New Jersey for the enforcement

Anna M. Lascurain, DAG
Banking and Insurance Section
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 117
Trenton, New Jersey 08625-0117

If to the Defendants:

The Law Firm of Vincent Scoca, Esq.
395 Franklin Street
Bloomfield, NJ 07003

14. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitutes one and the same agreement.

15. The penalties of this Stipulation are imposed pursuant to the police powers of the State of New Jersey for the enforcement of the law and protection of the public health, safety, and welfare, and are not intended to constitute debts which may be limited or discharged in a bankruptcy proceeding.

CONSENTED AS TO FORM, CONTENT, AND ENTRY:

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiff

Dated: 7-10-2023

By: _____
Anna M. Lascurain
Deputy Attorney General

Dated: 3/22/2023

_____
Vincent Scoca, Esq.

5

of the law and protection of the public health, safety, and welfare, and are not intended to constitute debts which may be limited or discharged in a bankruptcy proceeding.

**CONSENTED AS TO FORM, CONTENT, AND ENTRY:**

                                      MATTHEW J. PLATKIN
                                      ATTORNEY GENERAL OF NEW JERSEY
                                      Attorney for Plaintiff

Dated: 7/_/10/2023            By: _____
                                        Anna M. Lascurain
                                        Deputy Attorney General

Dated:                                      _____
                                        Vincent Scoca, Esq.
                                        Attorney for Defendants
                                        Alexander Zaitsev, M.D.,
                                        Highland Medical Group of
                                           New Jersey, P.C., and
                                        Interstate Multi-Specialty
                                           Medical Group, P.C.

Dated:                                      _____
                                        Alexander Zaitsev, M.D.

                        Attorney for Defendants
                    Alexander Zaitsev, M.D.,
             Highland Medical Group of
                             New Jersey, P.C., and
                             Interstate Multi-Specialty
                             Medical Group, P.C.

Dated: 3/22/2023

                                      Alexander Zaitsev, M.D.